```
            UNITED STATES DISTRICT COURT
        FOR THE MIDDLE DISTRICT OF TENNESSEE
                 NASHVILLE DIVISION

BRIDGEPORT MUSIC, INC., et al., )
                                )
      Plaintiffs,               )
                                )
        v.                      )   NO. 3:05-0205
                                )
ESTATE OF CHRISTOPHER WALLACE,  )   Judge Campbell/Brown
a/k/a NOTORIOUS B.I.G., on      )   Jury Demand
behalf of BIG POPPA MUSIC, et al)
                                )
      Defendants.               )


BAD BOY ENTERTAINMENT, INC.,    )
d/b/a BAD BOY RECORDS,          )
                                )
      Third-party plaintiff,    )
                                )
        v.                      )
                                )
OSTEN S. HARVEY, JR.,           )
                                )
      Third-party defendant.    )
```

**TO: The Honorable Todd J. Campbell**

<u>**REPORT AND RECOMMENDATION**</u>

## I.  INTRODUCTION

Presently pending before the Magistrate Judge is the third-party defendant Harvey's motion to dismiss for lack of personal jurisdiction or, in the alternative, to transfer this case on the grounds of forum non conveniens to New York (Docket Entry No. 43).  The District Judge has referred this matter to the undersigned for a Report and Recommendation (Docket Entry No. 55). This matter has been briefed with a response (Docket Entry No. 45), a reply (Docket Entry No. 51), and a surreply (Docket Entry No.

56). For the reasons stated below, the Magistrate Judge **recommends** that the third-party defendant's motion be **granted** and the third-party complaint against Osten S. Harvey, Jr. be **dismissed** without prejudice for lack of personal jurisdiction.

## II.   BACKGROUND

This is another of the myriad of cases growing out of the original massive filing by Bridgeport against a large number of defendants involved in one way or the other in the music industry, in the original case of 3:01-0412. That case was subsequently severed into a number of smaller cases and litigation in those cases has proceeded unabated to date.

This particular case had its original beginnings in Bridgeport v. EMI April Music, No. 3:01-0980. The plaintiffs attempted to amend that complaint to add new claims, however, that attempt was denied (3:01-0980, Docket Entry No. 58). Subsequently, the plaintiff Bridgeport filed the present case, and the parties agreed to dismiss the original case, No. 3:01-0980 and continue the litigation with a fresh start in this case (Docket Entry No. 30).

Accordingly, we are dealing with the third amended complaint (Docket Entry No. 31) in this matter. That complaint named as defendants, among others, the Estate of Christopher Wallace and Bad Boy Entertainment, Inc. The complaint alleged that Bridgeport had interests in the musical composition and sound recording known as "Up For The Down Stroke," and that rap artist

2

Christopher Wallace had improperly sampled portions of this work in a new musical composition and sound recording "Machine Gun Funk." They allege in their complaint that among the defendants, the Bad Boy entities manufactured, distributed, marketed, and sold various renditions of "Machine Gun Funk" containing samples of their work "Up For The Down Stroke." The plaintiffs did not sue Osten S. Harvey, Jr., professionally known as Bee Mo Easy.

The defendant Bad Boy[1] subsequently filed a third-party complaint against Osten S. Harvey, Jr. (Docket Entry No. 36). This third-party complaint alleges that Bad Boy is a corporation organized under the laws of the state of New York with its principal place of business in New York, and that the defendant Harvey is a citizen and resident of New York. They allege that in 1994, Harvey, a record producer, and Christopher Wallace, a recording artist, executed a production agreement, and pursuant to this production agreement, Harvey agreed to produce master recordings for Wallace and they produced a sound recording including the musical composition "Machine Gun Funk." They allege that Harvey was responsible for the inclusion in that recording of the elements, if any, of the composition and/or sound recording "Up For The Down Stroke." They allege that Bad Boy had no direct involvement in the creative production of "Machine Gun Funk" but

---

[1]There are several variations of Bad Boy. For simplicity, all of the various Bad Boy entities will simply be referred to as "Bad Boy."

3

only released it in various formats to the public upon delivery of the master recording by Harvey and Wallace. They allege that pursuant to paragraph 13C of the production agreement, Harvey agreed to hold Bad Boy harmless from any and all losses, damages (including court costs and reasonable attorneys' fees), arising out of any breach of any warranty, representation, agreement, undertaking, or covenant. Further, they allege that Harvey warranted and represented that no material furnished by the producer would violate any law or infringe upon the rights of any third-party. Since Bad Boy has now been sued by Bridgeport, they contend that Harvey has breached his warranties and representations made in the production agreement and has a duty to indemnify Bad Boy from any and all losses and damages, including court cost and reasonable attorneys' fees, arising from plaintiffs' claims.

Harvey disputes whether he has sufficient contacts with Tennessee to be subject to jurisdiction in this court. In his memorandum (Docket Entry No. 44) in support of his motion to dismiss (Docket Entry No. 43), Harvey alleges that this court does not have personal jurisdiction over him and the case should either be dismissed or transferred to the Southern District of New York for the fairness and convenience of the parties.

III. **LEGAL DISCUSSION**

There is no dispute that the Tennessee Long Arm Statute has been interpreted to extend the exercise of personal

jurisdiction to the limits provided by the Due Process Clause of the Constitution. <u>Bridgeport Music, Inc. v. Still N The Water Publishing</u>, 327 F.3d 472 (6th Cir. 2003). Therefore, the Court must only determine whether the exercise of personal jurisdiction in this case will violate constitutional due process.

Personal jurisdiction may be either specific or general, depending on the nature of a contact of a defendant with the forum state. It appears that neither party argues that Harvey is subject to general jurisdiction in the courts of this state. Thus, we turn to the issue of specific personal jurisdiction. The Sixth Circuit in the <u>Still N The Water Publishing</u> case, 327 F.3d at 477-78, held that a three-part test should be applied: (1) The defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state; (2) a cause of action must arise from the defendant's activities in the state; and (3) the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable. The defendant Harvey, citing his affidavit (Docket Entry No. 43-3), argues that he has never been to Tennessee and has conducted no business whatever in the state of Tennessee.

The Sixth Circuit in the <u>Still N The Water Publishing</u> case, 327 F.3d at 479, adopted the "stream of commerce plus" theory articulated by Justice O'Conner in her plurality opinion in <u>Asahi</u>

5

_Metal Industry Co., Ltd. v. Superior Court of California, Solano County_, 480 U.S. 102 (1987). This doctrine holds that the placement of a product into the stream of commerce without more is not an act of the defendant purposefully directed toward the forum state. Thus, absent some showing that Harvey specifically undertook to distribute the alleged infringing work in this or all states, the mere fact that the alleged infringing work was sold in Tennessee is insufficient.

In their response, the third-party plaintiff Bad Boy does not articulate specific activities of Harvey in Tennessee. They do point out that the Sixth Circuit has three procedural methods for ruling on a Rule 12(b)(6) motion to dismiss for lack of personal jurisdiction. Initially, the court may decide the motion upon affidavits alone, it may permit discovery in the aid of deciding the motion, or it may conduct an evidentiary hearing to resolve any factual questions. _Theunissen v. Matthews_, 935 F.2d 1454, 1458 (6th Cir. 1991). In this case, the court has the benefit of affidavits and the court also has the benefit of depositions taken of some of the parties in this matter. These depositions are cited in the reply (Docket Entry No. 51) and surreply (Docket Entry No. 56). The Magistrate Judge does not believe that an evidentiary hearing would be of any assistance. Where the court relies only on affidavits and discovery materials, the plaintiff must make only a _prima facie_ showing that personal jurisdiction exists in order to

6

defeat dismissal and this burden is relatively slight.  <u>American Greetings Corp. v. Cohn</u>, 839 F.2d 1164, 1168-69 (6th Cir. 1988)(quoting <u>Data Disc, Inc. v. Systems Technology Associates, Inc.</u>, 557 F.2d 1280, 1285 (9th Cir. 1977)).

The third-party plaintiff contends that the third-party defendant Harvey admitted in earlier pleadings in 3:01-0863 that the court has proper jurisdiction over him.  The complaint in 3:01-0863 and the answer allegedly admitting jurisdiction are found as attachments to Docket Entry No. 45.[2]  In their memorandum, they point out that they should have the opportunity to question Harvey regarding whether he admitted personal jurisdiction with respect to this matter, during his deposition, which was then scheduled for September 27, 2005.  It appears this deposition was in fact taken, however, the third-party plaintiff did not in subsequent pleadings cite any testimony by Harvey that he authorized such an admission. In fact, Mr. Harvey, in an affidavit (Docket Entry No. 46, attachment 2), states that he never met Mr. Sullivan, the attorney who made the admission, or had any knowledge that such an admission on his behalf had been made in any other case.

It appears to the undersigned that the third-party plaintiff has, in effect, put all their eggs in one basket and now

---

[2]It would be helpful in citing various documents if the parties would ensure that they cite the Docket Entry involved.  Both parties are also neglecting to follow the Local Rule which requires that attachments to pleadings be sequentially numbered at the bottom of the page.  Local Rule 8(a)(1).

7

contends that Mr. Harvey is subject to jurisdiction because of the answers filed on his behalf in other Bridgeport litigation, without making any showing of purposeful availment in this case. The third-party defendant Harvey argues that in the earlier cases he was not named, only his company Bee Mo Easy Music was sued. Mr. Sullivan, in his deposition (Docket Entry No. 71), states that he did in fact file such an answer on behalf of Bee Mo Easy Music.

While it appears obvious that a party can consent to personal jurisdiction where it otherwise could not be properly exercised, the Magistrate Judge is not convinced that Mr. Sullivan's activities in filing such an answer in Case No. 3:01-0863, attached to Docket Entry No. 45, qualify as such consent. From a review of the pleadings in that case and the depositions and affidavits, it appears that Mr. Sullivan was hired by E.M.I. to represent E.M.I. and various related defendants. Mr. Sullivan made no representation whatever that he ever had any contact with Mr. Harvey. E.M.I. was to his understanding acting as an agent for Bee Mo Easy Music and directed him to file an answer for a number of defendants. It is significant that Bee Mo Easy Music was dismissed relatively early in that litigation, and the litigation proceeded on against E.M.I. and E.M.I. related entities. Mr. Sullivan's testimony does not, in the Magistrate Judge's view, indicate any personal commitment by Mr. Harvey or his company in this case.

8

While it is true that Mr. Harvey has admitted that his company, Bee Mo Easy Music, is a sole proprietorship, and therefore does not have a separate identity apart from him, that fact is not, in the Magistrate Judge's opinion, sufficient to bind him in this matter. The admission in 3:01-0863 was directed by E.M.I., not Mr. Harvey.

Were there any showing that Mr. Harvey personally approved the pleadings in the other case, the third-party plaintiff's arguments would be considerably stronger. However, it is apparent that in the original 3:01-0863 case, the answer filed purportedly on Harvey's behalf was actually on behalf of E.M.I., and E.M.I. was directing the defense without any real input from Harvey.

It is interesting to note that the third-party plaintiff in its original response, stated that if Bad Boy had its choice, the case would have been transferred to the Southern District of New York, which is more convenient to Bad Boy, as well as Mr. Harvey (Docket Entry No. 45, p. 7). Bad Boy, however, argues that the district court has already determined in an earlier Bridgeport case, 3:01-0980, that it is not in the best interest of justice to transfer this case or any of the other related Bridgeport cases to another venue, but that given the unique procedural posture of this case, it should be heard, along with the other Bridgeport cases, by

9

a "single court."  A copy of this order is found in this case at Docket Entry No. 45-3.

However, in that case, the party requesting a transfer was a direct defendant in the case.  In this matter, Harvey is a third-party defendant and is in the case only because of an indemnity agreement.[3]  While transfer would be possible as relief in this matter, it appears to the Magistrate Judge that the filing of a new action in New York would be a cleaner way to handle this litigation rather than transferring a portion of this case at this time.  The recommendation to dismiss this matter is without prejudice to Bad Boy filing a direct action for indemnity at the appropriate time against Harvey in New York.

In sum, after considering the voluminous briefs and filings of the parties, the Magistrate Judge simply remains unconvinced that the third-party plaintiff has shown sufficient specific contacts by Harvey with the state of Tennessee to even establish a *prima facie* showing of jurisdiction.  Nor does it appear that Mr. Harvey has consented to the jurisdiction of this Court.  Accordingly, the court lacks personal jurisdiction over Mr. Harvey.

---

[3]While not germane to this motion, it is interesting to note that Harvey's proprietorship is listed as Bee Mo Easy, while the indemnity agreement lists his proprietorship as Easy Mo Bee. Neither party has commented on this inconsistency in the name of the proprietorship operated by Mr. Harvey.

10

**IV. RECOMMENDATION**

For the reasons stated above, the Magistrate Judge **recommends** that third-party defendant Harvey's motion to dismiss be **granted**, and that the third-party complaint against Mr. Harvey be **dismissed** without prejudice for failure to establish personal jurisdiction over Mr. Harvey.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. <u>Thomas v. Arn</u>, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), <u>reh'g</u> <u>denied</u>, 474 U.S. 1111 (1986).

**ENTERED** this 20th day of October, 2005.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge

11