UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

BRIDGEPORT MUSIC, INC., et al., )
)
    Plaintiffs, )
)
   v. ) NO. 3:05-0205
)
ESTATE OF CHRISTOPHER WALLACE, ) Judge Campbell/Brown
a/k/a NOTORIOUS B.I.G., on ) **Jury Demand**
behalf of BIG POPPA MUSIC, et al)
)
    Defendants. )


BAD BOY ENTERTAINMENT, INC., )
d/b/a BAD BOY RECORDS, )
)
    Third-party plaintiff, )
)
   v. )
)
OSTEN S. HARVEY, JR., )
)
    Third-party defendant. )

**TO: The Honorable Todd J. Campbell**

### REPORT AND RECOMMENDATION

**I. INTRODUCTION**

    Presently pending before the Magistrate Judge is the defendants' motion for summary judgment (Docket Entry No. 68).[1] Although the motion itself does not state specifically why it is seeking summary judgment, the memorandum in support thereof (Docket Entry No. 69) shows that the motion is actually in two parts. Part A is a contention by all defendants that they are entitled to summary judgment because they obtained a license to use the

---

[1] The original motion, as explained in the Memorandum of Law in Support thereof (Docket Entry No. 69) involved all of the defendants.

plaintiffs' composition "Up for the Down Stroke" in the alleged infringing work "Machine Gun Funk." Part B of their motion is a contention by UMG only that it is entitled to summary judgment because they are a sublicensee of EMI and thus a beneficiary of a settlement agreement in which the plaintiffs released EMI and all of its sublicensees.

For the reason stated below, the Magistrate Judge recommends that Part A be **terminated** as withdrawn and that Part B be **denied**.

**II. BACKGROUND**

At oral argument in this matter on December 21, 2006, defendants' counsel announced that they were abandoning Part A of their motion for summary judgment. They agreed that, as a result of the plaintiffs' response and their own investigation, that there were factual disputes that would preclude summary judgment. They now agree that the issue of a license will be one for the trier of fact.

Part B of the motion involves an issue that is identical to the briefing in the case of Bridgeport Music, Inc., et al., v. Estate of Christopher Wallace, et al., Case No. 3:05-0155. The Magistrate Judge has just issued a Report and Recommendation on that issue in Case No. 3:05-0155 (Docket Entry No. 169).

Rather than repeat that Report and Recommendation in its entirety on this issue, the Magistrate Judge will simply adopt that

2

Report and Recommendation and recommend that Part B of the motion for summary judgment be **denied**.

**III. RECOMMENDATION**

For the reason stated below, the Magistrate Judge recommends that Part A be **terminated** as withdrawn and that Part B be **denied.**

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), reh'g denied, 474 U.S. 1111 (1986).

**ENTERED** this 23rd day of January 2006.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge

3